UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
WALTERMAN IMPLEMENT, INC.,      )
                                )    Bankruptcy No. 05-07284
     Debtor.                    )
------------------------------  )
RENEE HANRAHAN, Trustee         )
                                )    Adversary No. 06-9158
     Plaintiff,                 )
                                )
vs.                             )
                                )
MARTINSON CONSTRUCTION CO.,     )
INC.                            )
                                )
     Defendant.                 )
```

## ORDER RE: MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned on December 15, 2006 pursuant to assignment.  Plaintiff/Trustee Renee Hanrahan was represented by Attorney Abbe Stensland.  Defendant Martinson Construction Co. was represented by Attorney Tom Fiegen.  After hearing arguments of counsel, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## STATEMENT OF THE CASE

Trustee seeks summary judgment decreeing that Martinson Construction does not have a valid lien on the real estate against which Martinson filed its mechanic's lien.  She requests the Court order Martinson to release its lien.

## STATEMENT OF FACTS

Martinson Construction Co. performed concrete work on Debtor's property between December 2004 and October 18, 2005.  An involuntary bankruptcy petition was filed against Debtor on October 21, 2005.  On November 8, 2005, Martinson filed a motion for relief from the automatic stay to perfect its mechanic's lien on the property.  This motion was granted with the consent of Trustee by order filed December 1, 2005.

Martinson filed its mechanic's lien on December 8, 2005, claiming a lien of $86,540. The real estate description described on its mechanic's lien filing is that set out in Trustee's Exhibit SJ103 ("Property A"). This legal description includes two parcels. Martinson's corporate counsel prepared the mechanic's lien based on information received from the Grundy County Recorder regarding the legal description of Debtor's real estate.

Martinson actually performed its concrete work on a separate parcel ("Property B"). The County Recorder did not include Property B when responding to Martinson's counsel's request for the legal description of Debtor's real estate. Thus, Martinson poured concrete on Property B but filed its mechanic's lien against Property A.

On October 23, 2006, the parties filed a stipulation in Debtor's bankruptcy case in which both Trustee and Martinson acknowledge that Martinson's mechanic's lien described Property A, rather than Property B. Trustee has filed this stipulation with the Clerk of Court in Grundy County. Now, however, Martinson asserts that a portion of its work, valued at $150, was performed on Property A. The Court notes that Property A and Property B are contiguous and make up the total of the land on which Debtor operated a farm implement dealership.

Trustee asserts that Martinson's mechanic's lien did not attach to Property A and requests summary judgment ordering Martinson to release its lien. Martinson argues that it justifiably relied on the Grundy County Recorder's information regarding the legal description when filing its mechanic's lien. It asserts Trustee had notice of its lien on the date the bankruptcy petition was filed because the concrete was still green at that time. Martinson also argues Trustee's attempt to "lien strip" violates the Bankruptcy Code.

## CONCLUSIONS OF LAW

A motion for summary judgment may only be granted when there are no material facts in controversy, and the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001). The moving party has the burden of showing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**THE STIPULATION**

As an initial matter, the Court finds that Martinson is
bound by the October 23, 2006 stipulation in which it agreed that
it performed its concrete work on property other than that
against which it filed its mechanic's lien.  Stipulations by the
parties regarding questions of fact are conclusive.  <u>Gander v.
Livoti</u>, 250 F.3d 606, 609 (8th Cir. 2001).  "Valid stipulations
are controlling and conclusive, and courts must enforce them."
<u>Id.</u>  In light of the parties' stipulation, Martinson cannot now
claim some if its work, to the value of $150, was performed on
Property A against which it filed its mechanic's lien.

**MECHANIC'S LIENS**

"A mechanic's lien is a creature of the statute, and in
order that a lien may be created there must be a substantial
compliance with the terms and provisions of the statute."
<u>Bernstein v. Alcorn</u>, 190 N.W. 975, 976 (Iowa 1922).  Iowa law
grants a lien to a creditor who has performed services which
improve the affected real estate.  Iowa Code § 572.2.  This lien
may be perfected under section 572.8 which requires the filing of
a statement of account of the demand setting forth, among other
things, "[t]he correct description of the property to be charged
with the lien."  Iowa Code § 572.8(2).

No Iowa courts have directly addressed the effect of a
mechanic's lien statement filed with an incorrect description of
the property.  Other courts have considered the issue.  In <u>Butler
Supply & Comm. Co. v. Citizens Bank</u>, 175 S.W.3d 684, 686 (Mo. Ct.
App. 2005), the court found that the requirements of Missouri's
mechanic's lien statute were not met where the description of the
property on the lien statement was for a tract of land completely
distinct from the one on which work was done and had different
owners.  Likewise, the court in <u>McCarron's Bldg. Center, Inc. v.
Einertson</u>, 482 N.W.2d 529, 532 (Minn. Ct. App. 1992), noted that
an erroneous description on a mechanic's lien statement is fatal
when it plainly describes an incorrect lot and wholly excludes
the property intended to be liened.  <u>See also</u> 56 C.J.S.
<u>Mechanics' Liens</u> § 170 (1992); 53 Am. Jur. 2d <u>Mechanics Liens</u>
§ 237 (2006) (noting a mechanic's lien is insufficient if it does
not describe the land upon which improvements were made but
instead describes an entirely different tract of land); C.C.
Marvel, Annotation, <u>Sufficiency of Notice, Claim, or Statement of
Mechanic's Lien with Respect to Description or Location of Real
Property</u>, 52 A.L.R.2d 12, § 5[c] (1957) (setting out rule that
"an entirely erroneous, misleading, or technically and

unambiguously erroneous, description, as the case may be, is
insufficient.").

## ANALYSIS

Trustee's Complaint and Motion for Summary Judgment present
a fairly narrow request for relief.  The question is whether
Martinson has a lien against Property A.  Based on the foregoing,
the answer is no.  The Mechanic's Lien statement Martinson filed
does not include the correct description of the property to be
charged with its lien.  It performed services which improved
Property B.  The description of the real estate included in its
Mechanic's Lien statement is for Property A.  Martinson does not
have a lien on Property A and should file a release of the
Mechanic's Lien.

Martinson raises arguments which are not dispositive on the
narrow issue presented herein.  How Martinson came by the real
estate description it used on its Mechanic's Lien filing is not
relevant.  Simply, Iowa Code sec. 572.2 gives a creditor a
mechanic's lien on the property affected by the improvements it
performs on it.  Martinson did not perform improvements on the
property described in its Mechanic's Lien filing, Property A.
Therefore, it does not have a lien on Property A and should file
a release of the Mechanic's Lien to correct the property record.

**WHEREFORE**, Trustee's Motion for Summary Judgment is GRANTED.

**FURTHER**, Martinson Construction Co.'s Mechanic's Lien does
not attach to or constitute a valid lien against Property A, the
real estate described in Trustee's Exhibit SJ103.

**FURTHER**, Martinson is ordered to file a release of the
Mechanic's Lien it filed describing Property A with the Grundy
County Clerk of Court.

DATED AND ENTERED:

January 19, 2007

_____
PAUL J. KILBURG
U.S. BANKRUPTCY COURT

4